# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DUSTIN HARWICK,

            Plaintiff,

v.

SUSAN PETERS,

            Defendant.

Case No. 20-CV-1273-JPS

**ORDER**

## 1. INTRODUCTION

Plaintiff Dustin Harwick ("Plaintiff"), who is currently incarcerated at Kettle Moraine Correctional Institution ("KMCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that various defendants violated his constitutional rights. ECF No. 1. On October 13, 2021, the Court screened the complaint and allowed Plaintiff to proceed on an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Jean Lutsey ("Lutsey"), Dilip Tannan ("Dr. Tannan"), Stephanie Hakkila ("Hakkila"),[1] and Susan Peters ("Peters"). ECF No. 5 at 10. On May 1, 2023, the Court dismissed Defendant Lutsey pursuant to Federal Rule of Civil Procedure 25(a), granted summary judgment as to Defendants Tannan and Hakkila, and denied Defendant Peters's motion for summary judgment without prejudice. ECF No. 72.

Now pending before the Court is Defendant Peters's motion for leave to file renewed summary judgment, ECF No. 73, and Defendant Peters's second motion for summary judgment, filed on June 30, 2023, ECF

---

[1] Defendant Hakkila was formerly known as Stephanie Wijas. ECF No. 27.

No. 74. On August 4, 2023, after Plaintiff's deadline to file a brief in opposition had passed, the Court provided Plaintiff a warning to file any brief in opposition on or before August 18, 2023. ECF No. 81. That deadline has now passed, and Plaintiff has failed to file any opposition or otherwise respond. On August 25, 2023, Defendant Peters filed a reply brief. ECF No. 82. As described below, the Court will grant Defendant Peters's motion for summary judgment and this case will be dismissed.

2.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Court construes all facts and reasonable inferences in a light most favorable to the nonmovant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). In assessing the parties' proposed facts, the Court must not weigh the evidence or determine witness credibility; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010).

3.   **FACTUAL BACKGROUND**

Plaintiff failed to file any opposition to Defendant Peters's motion for summary judgment and has also failed to address her proposed findings

of fact.[2] As such, the Court will consider Defendant Peters's proposed findings of fact as undisputed. *See* Fed. R. Civ. P. 56(e)(2). As such, the following facts are taken directly from Defendant Peters's statement of fact with only minor changes for clarity. *See* ECF No. 76. Defendant Peters notes two disputed facts that will be addressed in the Court's analysis. *See id.*

Defendant Peters was an experienced, board-certified nurse practitioner at all times relevant to this lawsuit. Defendant Peters started working in the Green Bay Correctional Institution ("GBCI") in September 2016 and was not involved with Plaintiff's healthcare prior to that time. Defendant Peters stopped working at GBCI in December 2020 and was not involved in Plaintiff's healthcare after that time.

### 3.1 Plaintiff's Allegations

Through the Court's screening order Plaintiff was permitted to proceed on claims alleging Defendant Peters violated his Eighth Amendment rights by failing to approve a special diet he wanted, in response to his complaints about digestive issues. Specifically, Plaintiff was permitted to proceed on a claim alleging that on July 10, 2017, Defendant Peters evaluated him, and he told her about his digestive issues and that self-selecting meals from the canteen was becoming a financial burden, but Defendant Peters did not take his condition seriously, told him she could not help him, and directed him to discuss the situation with the Health Service Unit Manager, Jean Lutsey.

---

[2]The Court notes that Plaintiff identified potential issues with Defendant Peters's facts in his motion to appoint counsel and accompanying brief. *See* ECF Nos. 78, 79. However, the Court addressed this issue in ruling on the motion to appoint counsel and clearly instructed Plaintiff to address any factual disputes in his opposition materials. ECF No. 81 at 4. Plaintiff then failed to file any response addressing this matter further.

Page 3 of 12
Case 2:20-cv-01273-JPS    Filed 09/06/23    Page 3 of 12    Document 84

### 3.2 Plaintiff's Medical Care Relevant to this Lawsuit

Prior to Defendant Peters's involvement, Plaintiff was screened for Celiac Disease to determine if gluten was contributing to his digestive issues and he was also provided other interventions and diagnostic tests including a rectal exam and physical exam, attempting to identify the cause of his issues and to rule out health concerns more severe than IBS or GERD. Plaintiff was diagnosed with IBS on October 17, 2016. Managing severe IBS discomfort is typically accomplished with the use of medication.

Plaintiff was seen by multiple providers and nurses prior to Defendant Peters's involvement in July 2017. On November 12, 2015, Plaintiff was notified his lab tests for a soy allergy returned normal, indicating he does not have a soy allergy. In September 2016, testing that was performed on his pancreas returned normal. On October 17, 2016, Plaintiff was seen by Dr. Lisa Allen in the HSU. Plaintiff admitted to getting "much better" using MiraLax and docusate sodium daily. MiraLax and docusate sodium both are used to treat constipation. Plaintiff had also been prescribed Levsin, which also provided some relief. Levsin is a medication which is used for various stomach issues such as ulcers, gastrointestinal disorders, and IBS. According to Dr. Allen's note, Plaintiff had apparently identified what causes his symptoms, which included about half of the food items he is served by the prison. He still had cramping but overall, his symptoms seemed to be well controlled. A physical exam of his abdomen was performed, and his vitals were taken with no abnormalities.

Defendant Peters saw Plaintiff in the HSU on July 10, 2017, in response to his complaints of IBS with a history of weight loss and GERD. Defendant Peters noted Plaintiff's weight was 212 pounds at this time, which is overweight and bordering on obese for someone his height, 5 feet

11 inches. Defendant Peters also addressed his arm pain for which he was taking naproxen. Defendant Peters noted Plaintiff's subjective complaints of IBS, that he had maintained a food log, and had been seen numerous times for these same issues. Plaintiff had been prescribed Reguloid, docusate sodium, MiraLax and ranitidine for his symptoms. Defendant Peters also noted the ranitidine 50 mg twice daily was effectively controlling his symptoms with issues only associated with negative effects from his naproxen use. Defendant Peters maintains that she noted that his medication regimen was effective in resolving his GERD and IBS symptoms; Plaintiff disputes this fact and argues that his symptoms never resolved. Plaintiff denied bloody or black stools and indicated his constipation was controlled with the medications available to him and the plan of care that was in place at the time of this appointment.

Defendant Peters also noted that Plaintiff was supplementing his meals using canteen purchases and he was concerned he did not have the finances to continue to do so. Defendant Peters told Plaintiff to speak with Health Services Manager Jean Lutsey to address the issue of financial assistance. Plaintiff disputes this fact and maintains that Defendant Peters never referred his issue to Lutsey. Defendant Peters also advised Plaintiff to contact the HSU if he noticed bloody or black stools. Given his complaints of weight loss, Defendant Peters also ordered Plaintiff's weight to be checked every other week for two months. Plaintiff's weight remained at stable levels and/or continued to increase following this appointment. Plaintiff was able to self-select portions of his prison meals and weighed over 210 pounds which is overweight for someone of his height. Defendant Peters ordered ongoing weight checks to determine if Plaintiff was

Page 5 of 12
Case 2:20-cv-01273-JPS   Filed 09/06/23   Page 5 of 12   Document 84

experiencing problematic weight loss so it would be identified during the weight checks, and the issue would be addressed.

**4.    ANALYSIS**

Defendant Peters's motion for summary judgment seeks dismissal of the Eighth Amendment deliberate inference to a serious medical need claim because, among other reasons, the record is devoid of evidence to support a deliberate indifference claim. Despite Plaintiff's failure to oppose summary judgment and Defendant Peters's proposed findings of fact, the Court has independently reviewed the motion to determine whether it states adequate grounds for the relief requested. *See Nabozny v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996) ("[T]he Seventh Circuit . . . requires that before granting a dispositive motion as unopposed, the trial judge must look at the motion to determine whether it states adequate grounds for the relief requested."). Based on the Court's review of Defendant Peters's submissions, and for the reasons explained below, the Court will grant Defendant Peters's motion for summary judgment.

**4.1    Eighth Amendment Standard**

Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. To prove that the State Defendants violated his rights under the Eighth Amendment, Plaintiff must present evidence establishing that he suffered from "'an objectively serious medical condition'" and that the State Defendants were "'deliberately, that is subjectively, indifferent'" to that condition. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016) (quoting *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). A prison official shows deliberate indifference when she "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that

risk." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"'A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.'" *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010)). A broad range of medical conditions may be sufficient to meet the objective prong of a deliberate indifference claim, including a dislocated finger, a hernia, arthritis, heartburn and vomiting, a broken wrist, and minor burns sustained from lying in vomit. *Id.* at 861 (citing *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) (collecting cases)). On the other hand, a prison medical staff "that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution." *Gutierrez v. Peters,* 111 F.3d 1364, 1372 (1997) (quoting *Cooper v. Casey,* 97 F.3d 914, 916 (7th Cir. 1996)).

Under the Eighth Amendment, an incarcerated person does not have the right to direct his own course of treatment. *See Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015). Likewise, an incarcerated person's disagreement "about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006)). But neither may prison officials "doggedly persist[ ] in a course of treatment known to be ineffective." *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). To defeat Defendant's motion for summary judgment, Plaintiff must present evidence showing the treatment he

Page 7 of 12
Case 2:20-cv-01273-JPS   Filed 09/06/23   Page 7 of 12   Document 84

received was "'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' his condition." *Id.* at 654 (quoting *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)).

Finally, "[a] delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640). To prevail on an Eighth Amendment claim alleging a delay in providing treatment, the plaintiff "must also provide independent evidence that the delay exacerbated the injury or unnecessarily prolonged pain." *Petties v. Carter*, 836 F.3d 722, 730–31 (7th Cir. 2016). Such evidence may include a showing in the plaintiff's medical records that "the patient repeatedly complained of enduring pain with no modifications in care." *Id.* at 731; *Williams v. Liefer*, 491 F.3d 710, 715 (7th Cir. 2007).

### 4.2 Eight Amendment – Analysis

First, Defendant Peters does not argue that Plaintiff did not have an objectively serious medical need. As such, for the purposes of this Order the Court will assume, without definitively ruling, that Plaintiff suffered from an objectively serious medical condition and satisfies the first prong of the deliberate indifference standard.

Second, assuming Plaintiff suffered a serious medical condition, the Court finds that no reasonable juror could find that Defendant Peters was deliberately indifferent to Plaintiff's need for treatment. As in the Court's previous summary judgment order in this case, this is again a classic case

Page 8 of 12
Case 2:20-cv-01273-JPS    Filed 09/06/23    Page 8 of 12    Document 84

of disagreement over medical treatment. Based on the allegations in Plaintiff's complaint, he believes Defendant Peters improperly treated him and failed to provide him with a medically necessary special diet. Plaintiff's subjective belief of what was or was not proper medical treatment, however, is insufficient to survive summary judgment. Plaintiff's failure to respond to Defendant Peters's motion for summary judgment is detrimental to opposing summary judgment. However, even assuming Plaintiff had responded and disputed many of Defendant Peters's proposed findings of facts, the undisputed medical records in this case would almost certainly have won the day regardless. "A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood,* 512 F.3d 886, 894–95 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County,* 163 F.3d 982, 988 (7th Cir. 1998)). Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation. *Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006). Federal courts will not interfere with a doctor's decision to pursue a particular course of treatment unless that decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment. *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011); *Sain,* 512 F.3d at 895.

    Here, the undisputed facts show that Defendant Peters saw Plaintiff only one time for Plaintiff's medical complaints. At this visit, Defendant Peters physically examined Plaintiff, took his subjective history, evaluated his medication regiment, and made decisions to implement her treatment

plan based on those considerations. Given Plaintiff's complaints of weight loss, Defendant Peters ordered Plaintiff's weight to be checked every other week for two months. Plaintiff denied bloody or black stools at this visit and Defendant Peters advised him to contact the HSU if he noticed bloody or black stools.

The record suggests that Defendant Peters never treated Plaintiff again after this one visit, and nothing in the record indicates that Defendant Peters was ever aware of Plaintiff's later requests for a specialized diet or other medical treatment. Plaintiff has offered no evidence calling into question Defendant Peters's exercise of professional judgment in treating Plaintiff. Plaintiff may have disagreed with Defendant Peters's course of treatment in not providing him a special diet, but Plaintiff's subjective believe is insufficient to prove deliberate indifference. *Johnson*, 433 F.3d at 1013. Deliberate indifference requires "[s]omething more than negligence or even malpractice." *Pyles*, 771 F.3d at 409. Courts defer to a medical professional's treatment decision unless no minimally competent professional would have chosen the same course of treatment under the circumstances. *Id.* Plaintiff has provided no evidence that Defendant Peters's treatment of his condition was even negligent, or much less rose to the level of deliberate indifference. As identified by Defendant Peters, there are two disputed facts—whether Plaintiff noted that the medication regimen was effective in resolving his GERD and IBS symptoms and whether Defendant Peters referred Plaintiff to HSU manager Jean Lutsey. Even assuming these facts in the light most favorable to Plaintiff, as the Court must on summary judgment, the Court does find deliberate indifference on this record. "'[D]eliberate indifference' is a synonym for 'intentional or reckless conduct,' and 'reckless' describes conduct so

dangerous that the deliberate nature of the defendant's actions can be inferred." *Enge v. Obaisi*, No. 13 C 5154, 2016 WL 1359368, at *2 (N.D. Ill. Apr. 6, 2016) (quoting *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999)). The Court cannot draw this inference based on the facts present here. Even if Defendant Peters was wrong not to provide Plaintiff a specialized diet during this visit, there are simply no facts suggesting any intentional or reckless conduct. On this record, the Court finds that no reasonable juror could find that Defendant Peters was deliberately indifferent to Plaintiff's medical needs. The Court will accordingly grant Defendant Peters's motion for summary judgment and will dismiss this case.

5.  **CONCLUSION**

For the reasons explained above, the Court will grant Defendant Peters's motion for leave to file renewed summary judgment, grant Defendant Peters's motion for summary judgment, and dismiss this case.

Accordingly,

**IT IS ORDERED** that Defendant Susan Peters's unopposed motion for leave to file renewed motion for summary judgment, ECF No. 73, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Susan Peters's unopposed motion for summary judgment, ECF No. 74, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.